Mr. Justice Johnson
delivered the opinion of the court.
There is no prescribed form for a will, but like every thing else, it possesses some ingredients which its peculiar character renders indispensable. It is, says Bacon, “ a just and complete declaration of a mans mind, or last will of what he would have done with his estate after his death ; or according to some, a will is a declaration of the mind either by word or writing, in disposing of an estate, and to take effect after the death of the testator. ■ (7 Bacon. Tit. Wills & Test. 299. A.) And the true question in every case, is, what was the mind or intention of the testator, and how did he intend that the paper should operate ? If as a disposition of his estate, to take effect after his death, then it is his will, whatever may be the form. There are several methods by which we come at this intention.
1st. When it is so expressed on the face of the writing itself.
2nd. When the paper is in the form of a deed, letter or memorandum or in any other form, containing an actual disposition of his estate, to take effect after the death of the testator; and though not a will in form, is so in its effects and operation, (4 Vesey 565. Millege vs. Lamar. 4 Equity Rep. 617.)
3rd. Where the intention is doubtful and cannot be collected from the face of the paper, but by parol proof. (2 Vesey 441. Phillemore 32, 345.)
It is not pretended that this case falls within the operation of either of the two first rules. It does not profess to lie a will, nor does'it contain any actual disposition of the estate of the' deceased, and it is only necessary further to consider whether the parol evidence sufficiently proves his intention that it should operate as a will. , -
It will be recollected that the letter was not written by the deceased himself, and that the object was to prevail on the defendant to take possession of the property to prevent Snowden from carrying it away; and as an inducement to her to engage in it, he declares that it is his wish *523 that sbe should heir his property at his death. I attach no importance to the word wish, nor to the incongruity of the word heir ; as they were terms selected by the writer^ obviously without regard to propriety* to express what he supposed to be the intention of the testator, and which the witness said, neither the testator nor himself had any idea was to operate as a will.
He Saussurc, for the motion.
Miller, contra.
The evidence collected on the attempt to establish a verbal will, and read on this occasion by cónsent, is, I think, equally unsatisfactory. 1'hey prove, it is true, the repeated declarations of the deceased, that it was his intention to leave his property to the defendant; but they prove no actual disposition in a manner that .could operate as a will; nor is there the most distant allusion to this paper in any subsequent declaration, which fell from him ; and it is already shown, that there must be an act of disposition j and I trust I shall not be called on, to prove that the intention to do the act, is the act itself.
The motion is discharged.
Justices Colcock, Nott, Richardson and Huger, -concurred.
Mr. Justice Gantt dissented.